**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**KENDALL STATE BANK,**

      **Plaintiff,**

v.

**BRIAN FLEMING, JOHN J. FLEMING, III, GREGORY S. HALL, DENISE L. JERGER, T. JOHN JERGER, JR., DOUGLAS VATTER and MARGARET VATTER,**

      **Defendants.**

**CIVIL ACTION**

**Case No. 12-CV-2134-JWL-DJW**

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Stay (ECF No. 15). Defendants request that the Court stay all proceedings in this breach of guaranty action until final judgments are entered in two other actions pending before this Court and related to the underlying commercial loan, *Kendall State Bank v. West Point Underwriters, LLC*, No. 10-cv-2319-JTM-KGG (the "2010 Loan Action"), and *West Point Underwriters v. Aleritas Capital Corp.,* No. 12-mc-205-JTM-KGG (the "Miscellaneous Action"). Defendants argue that staying this case pending final judgments in these related cases will conserve the parties' time and resources, promote judicial economy, result in no unnecessary delay, and avoid the potential for inconsistent judgments. As discussed below, the motion is granted in part and denied in part.

**I.   Factual Background**

Plaintiff Kendall State Bank, pursuant to its rights in a participation agreement with the original lender, Brooke Credit Corporation, which subsequently changed its name to Aleritas Capital Corporation ("Aleritas"), brings this breach of guaranty action to recover the $1.9 million balance due on a $3 million commercial loan made to West Point Underwriters, LLC ("WPU")

in 2005. In this action, Plaintiff seeks a judgment against the seven individual Defendants who each signed a personal guaranty for the loan to WPU. Defendants were members, officers, or principals of the limited liability company WPU.

In the 2010 Loan Action, Kendall State Bank sought a declaratory judgment and damages against WPU for breach of contract. While that action was pending, on February 7, 2012, WPU obtained an arbitration award in its favor. The arbitrator found that Aleritas had fraudulently induced WPU to enter the commercial loan. The arbitrator further found the commercial loan agreement and all loan-related documents between WPU and Aleritas, including "all personal guarantees," were rescinded and declared void *ab initio*. On February 8, 2012, WPU filed the Miscellaneous Action, seeking an order confirming the arbitration decision against Aleritas. On February 22, 2012, Kendall State Bank filed a motion to intervene in that case, which has not yet been ruled on.[1] On May 5, 2012, Kendall State Bank filed a motion to vacate, modify, or correct the arbitral award in the 2010 Loan Action.[2] One of the main issues in that motion is WPU's alleged failure to notify Kendall State Bank and the other lenders about the arbitration proceeding. That motion remains pending.

Defendants now seek to stay the present action until final judgments are entered in the two related cases. They argue that the loan agreement and the personal guaranties were rescinded and found to be void *ab initio* by the February 7, 2012 arbitration decision. Plaintiff opposes the motion, arguing that Defendants failed to address the relevant factors for staying an action, a ruling in the 2010 Loan Action or Miscellaneous Action will not bind the Court in this

---

[1] Mot. to Intervene (ECF No. 5). Case No. 12-mc-00205-JTM-KGG.

[2] Pl.'s Mot. to Vacate, Modify, or Correct Arbitral Award (ECF No. 119). Case No. 10-cv-2319-JTM-KGG.

action, and Defendants expressly waived the defense of fraud — which WPU asserted in the arbitration as the basis for rescinding the loan agreement — in their personal guaranties.

## II. Standard For Ruling On A Motion To Stay Proceedings Pending Decision In A Related Action

A court has the power to stay proceedings pending before it as part of its inherent power to control its docket.[3]  In *Landis v. North American Co.,* the Supreme Court indicated that courts should use this power in their discretion to provide "economy of time and effort for itself and for counsel and litigants" appearing before the court.[4]  In exercising this discretion, courts "must weigh competing interests and maintain an even balance."[5]  The Tenth Circuit has cautioned that "[t]he right to proceed in court should not be denied except under the most extreme circumstances."[6]

Plaintiff argues that the Court should consider Defendants' motion to stay under the four factors set forth by the Tenth Circuit Court of Appeals in *United Steelworkers of America v. Oregon Steel Mills, Inc.*[7] for assessing the propriety of a stay of a proceeding where the viability of the plaintiff's action depends on the outcome of another proceeding.  Those factors are:  (1) whether the movants are likely to prevail in the related proceedings; (2) whether, absent a stay, the movants will suffer irreparable harm; (3) whether the issuance of the stay will cause

---

[3] *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936).

[4] *Id.*

[5] *Id.*

[6] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[7] 322 F.3d 1222, 1227 (10th Cir. 2003).

substantial harm to the other parties to the proceeding; and (4) the public interest at stake.[8]

Defendants contend that the *United Steelworkers* factors for assessing the propriety of a stay do not apply here.  They argue that courts in this District have not applied the four-factor *United Steelworkers* test in situations similar to the present case.  Defendants urge the Court to consider their request for a stay according to the Court's inherent power to stay proceedings and control its docket for the purpose of "economy of time and effort for itself, for counsel, and for litigants."[9]

Upon close reading, the Court concludes that four factors cited in the *United Steelworkers* opinion for assessing the propriety of a stay are not applicable here where the parties requesting the stay of these proceedings are not parties to either the 2010 Loan Action or the Miscellaneous Action.  Thus, the first *United Steelworkers* factor — whether movants are likely to prevail in the related proceedings — is not applicable.  The second *United Steelworkers* factor — whether the movants will suffer irreparable harm absent a stay — is also more restrictive than the Supreme Court's requirement in *Landis* that the movants "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."[10]  The Court will therefore consider Defendants' request for stay of this action under the Supreme Court's guidance in *Landis*.[11]  Under *Landis*, Defendants, as the parties seeking the stay, have the burden of showing "a clear case of hardship

---

[8] *Id.*

[9] *Landis*, 299 U.S. at 254.

[10] *Id.* at 255.

[11] *Id.*

or inequity in being required to go forward" in this case if there is even a "fair possibility" that the requested stay will cause damage to Plaintiff.[12]  "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."[13]   Courts, however, must stay within the "bounds of moderation" when granting a stay.[14]  Finally, in *Landis*, the Supreme Court rejected the argument that a court's authority to stay proceedings before it in favor of proceedings in another court is limited to those instances when the parties and issues in the several cases are identical.[15]

### III.  Whether Defendants Have Shown That Staying This Action is Warranted

Defendants assert that a stay of this action is warranted because the guaranties upon which Plaintiff asserts its claims for relief in this case have been rescinded and declared void *ab initio*. Those guaranties were specifically identified as rescinded in the arbitration award that is being litigated in the 2010 Loan Action and the Miscellaneous Action.  According to Defendants, staying this action until judgments are entered in the related proceedings will thus promote the goals of economy of time and effort for the court, counsel and the litigants.  It will also not result in unnecessary delay of this action because trial in the 2010 Loan Action is scheduled for January 22, 2013.[16]  Defendants estimate that final resolution of this case could reasonably be expected within a year's time.  They also state that the outcomes of the two pending related actions are likely to result in no, or very little, discovery being needed in this case.  Finally,

---

[12] *Id.* at 255.

[13] *Id.*

[14] *Id.* at 256.

[15] *Id.* at 254.

[16] The trial setting has since been reset to February 5, 2013.

Defendants contend that staying this action avoids the potential for inconsistent judgments. They argue that because Plaintiff's claims in this case are either dependent on, or highly related to, the existence of the loan and on Plaintiff's right to assert its claims for breach of the loan by WPU, proceeding with this action could result in re-litigation of some of the same issues already pending in the related actions. Staying this case will thus avoid the risk of inconsistent judgments in this case and the two pending related actions.

Plaintiff asks the Court to deny Defendants' motion to stay. It argues that this case should not be stayed because under the terms of the guaranties Defendants expressly waived the defense of fraud — which WPU asserted in the arbitration as the basis for rescinding the loan agreement. It also points out that Defendants "absolutely and unconditionally" guaranteed WPU's obligations relating to the loan, providing assurances to the original lender and "its participants, successors, and assigns." Additionally, Defendants expressly waived "any and all defenses . . . except the defense of discharge by payment in full." Moreover, under the guaranty, Defendants agreed that they "shall be and remain obligated" to honor their guaranties even if WPU's obligation to repay the loan was discharged by law. Thus, even if WPU could have rescinded the loan obligation it owed to Plaintiff and the other lenders, the outcome of that proceeding would not affect Defendants' separate obligations under the guaranties.

Plaintiff also argues that staying this action will prevent it from enforcing its rights against the guarantors, or even determining the scope of those rights, for at least a year. It anticipates that any judgment in the related actions will be appealed and will thus further delay this action. It also argues that rulings in the 2010 Loan Action and Miscellaneous Action will

6

not bind the Court in this action. It cites to *Yost v. Stout*,[17] wherein the court denied a motion to stay proceedings pending an interlocutory appeal that involved similar issues. In *Yost*, the court found that judicial economy was better served by the case proceeding and the parties conducting a scheduling conference, beginning discovery, and briefing any necessary pretrial motions.[18]

Having considered the foregoing arguments, the Court finds that Defendants have not made out a clear case of hardship or inequity in being required to defend this case without the benefit of a resolution in the related proceedings. Therefore, the Court declines to stay the proceedings currently before it in favor of a final resolution of the related proceedings. Defendants, however, have shown that a reasonable and limited stay of these proceedings would conserve the resources of the parties and the Court without significantly impairing Plaintiff's interest in pursuing its claims against Defendants for breach of the guaranties. Because WPU has obtained an arbitration award that specifically rescinded and declared void *ab initio* the personal guaranties at issue in this case, a stay of this action pending the other related actions would promote the goals of "economy of time and effort for itself, for counsel, and for litigants."[19] The Court determines that the delay in staying this action until a ruling is entered on the motion to vacate, modify, or correct arbitral award in the 2010 Loan Action would not significantly impair Plaintiff's rights in proceeding expeditiously with this action and will not cause Plaintiff undue prejudice. A ruling on that motion will likely impact the issues raised in this case. It thus makes sense to stay this action at least until the issue of whether the arbitration

---

[17] No. 06-4122-JAR, 2007 WL 2572426, at *2 (D. Kan. Sept. 5, 2007).

[18] *Id.*

[19] *Landis*, 299 U.S. at 254.

award should be vacated, modified, or corrected has been decided. Depending on the court's ruling, this may change or dispense with altogether the parties' arguments in this case.

In evaluating the competing interests, the Court concludes that Defendants' articulated reasons for staying this case — primarily their argument that WPU has obtained an arbitration award that rescinded and declared to be void *ab initio* the personal guaranties at issue in this case — warrant a short stay of this action until a ruling is entered on the motion to vacate, modify, or correct the arbitral award, which is currently pending in *Kendall State Bank v. West Point Underwriters, LLC*, No. 10-cv-2319-JTM-KGG.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion to Stay (ECF No. 15) is granted in part and denied in part. All proceedings in this action are hereby stayed until a ruling is entered on the motion to vacate, modify, or correct the arbitral award (ECF No. 119), which is currently pending in *Kendall State Bank v. West Point Underwriters, LLC*, No. 10-cv-2319-JTM-KGG.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 1st day of August, 2012.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge
